UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

E.M.M.O.,

              Petitioner,

v.

MINGA WOFFORD, et al.,

              Respondents.

No. 1:26-cv-00585-DJC-CSK

ORDER

Petitioner, a noncitizen from Nicaragua, filed a Petition for Writ of Habeas Corpus (Pet. (ECF No. 1)) and a Motion for Temporary Restraining Order (Mot. (ECF No. 2)) seeking release from the custody of Immigration and Customs Enforcement ("ICE").[1]  The Government has represented that it does not oppose converting the

---

[1] Petitioner also seeks to proceed under a pseudonym.  (ECF No. 3.)  The Court grants Petitioner's request to proceed under a pseudonym.  "The normal presumption is that parties must use their real names."  *Doe v. Kamehameha Schools/Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1042 (9th Cir. 2010); see also Fed. R. Civ. P. 10(a) ("[t]he title of the complaint must name all the parties"); Fed. R. Civ. P. 17(a)(1) ("An action must be prosecuted in the name of the real party in interest.").  However, it is common for courts to permit parties to proceed under a pseudonym "when anonymity is necessary to preserve privacy in a matter of sensitive and highly personal nature[.]"  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1068 (9th Cir. 2000) (cleaned up and citations omitted) (holding "that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity").  Petitioner has sufficiently alleged the sensitive and highly personal nature of his request, which concerns his fear of harassment and retaliation.  (*See generally* ECF No. 3.)  Nor have Respondents opposed Petitioner's request.  Finally, the public's interest in open judicial proceedings is not meaningfully impaired as Petitioner does not seek to seal records or take other

1

Motion to one for a Preliminary Injunction.  In the interest of judicial economy, because the Court finds that the Government has violated Petitioner's due process rights under the Fifth Amendment, the Court GRANTS Petitioner's Habeas Petition.[2]

## BACKGROUND

Petitioner entered the country in 2021 near Eagle Pass, Texas, surrendered himself to immigration authorities, and requested asylum.  (Pet. ¶ 14, 26; E.M.M.O. Aff. (ECF No. 1-2) ¶ 6.)  After several days, he was released from custody, allegedly pursuant to 8 C.F.R. § 212.5, and has since complied with the conditions of his release.  (Pet. ¶¶ 26–27; E.M.M.O. Aff. ¶¶ 9–10.)  Prior to his re-detention, Petitioner lived with his wife and daughter in Milpitas where he was actively involved in caring for his family and providing household support.  (E.M.M.O. Aff. ¶ 3.)  He was employed in construction and held a valid United States driver's license.  (*Id.* ¶ 4.)  At the time of his arrest, Petitioner was completing his application for an Employment Authorization Document.  (*Id.*)  Petitioner has now been re-detained when he was arrested at a regularly scheduled immigration check-in.  (Pet. ¶ 28.)  Petitioner remains detained at Mesa Verde Detention Facility.  (E.M.M.O. Aff. ¶ 19.)

## DISCUSSION

Petitioner's habeas petition asserts two claims for relief: (1) that Respondents have violated his right procedural due process under the Fifth Amendment to the United States Constitution, and (2) that Respondents have violated his substantive due process rights under the Fifth Amendment to the United States Constitution.  (Pet. ¶¶ 63–73).  The Court GRANTS Petitioner's first claim for relief.

---

action beyond using a pseudonym for his name.  (*Id.* at 4.)  The Court finds that good cause is met as the public's interest in knowing Petitioner's identity is outweighed by his need for anonymity.  Accordingly, Petitioner's request to proceed under a pseudonym is GRANTED.

[2] Accordingly, the Court denies Petitioner's Motion for a Temporary Restraining Order (ECF No. 2) as moot.

## I.  Protected Liberty Interest

Petitioner is entitled to procedural due process.  Petitioner contends that his re-detention was enacted without notice or an opportunity to be heard and was not predicated on any changed circumstances since Petitioner's release.  (*See generally* Pet.)  The Government contends that Petitioner is an "applicant for admission" subject to mandatory detention by ICE under 8 U.S.C. § 1225(b)(2) and that Petitioner's prior release in the discretion of the Department of Homeland Security "does not have the effect of having converted petitioner's presence in the United States into an admission" and that he consequently does not have a liberty interest.  (Opp'n at 1–2.)  The Court disagrees with the Government.

To the extent Petitioner asserts that he was released pursuant to 8 C.F.R. § 212.5 (Pet. ¶ 14), the Court understands this assertion to mean that Petitioner was granted parole pursuant to 8 U.S.C. § 1182(d)(5)(A).  Under section 1182(d)(5)(A), noncitizens may be temporarily released on parole for "urgent humanitarian reasons or significant public benefit."  Release under this section requires a determination that the noncitizen poses neither "a security risk nor a risk of absconding."  8 C.F.R. § 212.5.  "Once released, a parolee acquires an interest in his or her continued liberty."  *Chavarria v. Chestnut*, No. 1:25-cv-0175-DAD-AC, 2025 WL 3533606, at *3 (E.D. Cal. Dec. 9, 2025); *see also Pinchi v. Noem*, 792 F. Supp. 3d 1025, 1032 (N.D. Cal. 2025) ("[T]he government's decision to release an individual from custody creates 'an implicit promise,' upon which that individual may rely, that their liberty 'will be revoked only if [they] fail[ ] to live up to the … conditions [of release].'") (citing *Morrissey v. Brewer*, 408 U.S. 471, 482 (1972)).

Petitioner has a clear liberty interest in his continued release.  *See Zadvydas v. Davis*, 533 U.S. 678, 690 (2001).  Other district courts in this Circuit, including this one, have found that releasing a noncitizen on parole endows them with a protected liberty interest in remaining out of custody.  *See M.B. v. Noem*, No. 1:26-cv-00005-DJC-AC, 2026 WL 74155 (E.D. Cal. Jan. 9, 2026) (reviewing cases); *see also Chavarria*, 2025 WL

3

3533606, at *3 (same).  Accordingly, due process entitles Petitioner to notice and an opportunity to be heard in the revocation of his section 1182 parole.  The Government's argument that any previous discretionary decision to release Petitioner does not create a liberty interest is just plain wrong.  A parolee's liberty interest "is valuable and must be seen as within the protection of the [Fifth] Amendment." *Morrissey*, 408 U.S. at 482.  Accordingly, Petitioner has a protected liberty interest in his continued release.

Applying the balancing test described in *Mathews v. Eldridge,* 424 U.S. 319 (1976), the Court finds that Petitioner has a substantial private interest in maintaining his out-of-custody status, the risk of erroneous deprivation here is considerable, and Respondents' interest in detention is low as the effort and costs required to provide Petitioner with procedural safeguards are minimal.

As to Petitioner's substantial private interest, freedom from imprisonment is at the core of the Due Process Clause.  *Zadvydas*, 533 U.S. at 690.  Since his initial release, Petitioner has built a life for himself and his family, plays a pivotal role in supporting his wife and child, and has meaningful connections within his community. (E.M.M.O. Aff. ¶¶ 21, 23.)  The risk of erroneous deprivation is considerable as Petitioner has not received a bond hearing, nor has the Government asserted that Petitioner is a flight risk or a danger to the community.  Finally, the Government's interest in detention is low.  As the United States Supreme Court has said, "[n]or are we persuaded by the argument that revocation [of parole] is so totally a discretionary matter that some form of hearing would be administratively intolerable." *Morrissey*, 408 U.S. at 483.

The Court concludes that Petitioner has established that he has a protected liberty interest under the Due Process Clause and that he was owed some process before his re-detention.

4

## II.  Irreparable Harm

Petitioner has also established irreparable harm based on the deprivation of constitutional rights via immigration detention.  *See Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).  The Ninth Circuit has recognized that irreparable harm occurs in the "subpar medical and psychiatric care in ICE detention facilities." *Hernandez v. Sessions*, 872 F.3d 976, 995 (9th Cir. 2017).  On this point, Plaintiff has alleged that "[d]etention has been extremely difficult.  The food is poor quality and causes me nausea and stomach pain.  I have been given medication by the doctor, but the food remains non-nutritious."  (E.M.M.O. Aff. ¶ 19.)  Petitioner also experiences "constant anxiety and fear about my immigration situation."  (*Id.* ¶ 20.)  Thus, Petitioner has adequately established irreparable harm.

## III. Balance of the Harms & the Public Interest

The balance of the equities and public interest are merged as the Government is the non-moving party, and these factors clearly weigh in Petitioner's favor.  *See Melendres*, 695 F.3d at 1002; *Baird v. Bonta*, 81 F.4th 1036, 1042 (9th Cir. 2023) ("The government also cannot reasonably assert that it is harmed in any legally cognizable sense by being enjoined from constitutional violations." (internal citations and quotation marks omitted)); *Pinchi v. Noem*, 792 F. Supp. 3d at 1037 ("[T]he public has a strong interest in upholding procedural protections against unlawful detention, and the Ninth Circuit has recognized that the costs to the public of immigration detention are staggering.").  As discussed, Petitioner has established that he is suffering irreparable harm nor is the Government harmed by being prevented from continuing to inflict constitutional harm.

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1.  Petitioner's Habeas Petition (ECF No. 1) is GRANTED.

2.  Petitioner's Motion to Proceed Under a Pseudonym (ECF No. 3) is GRANTED.

3. Respondents are ordered to immediately release Petitioner E.M.M.O. from their custody. Respondents shall not impose any additional restrictions on him, unless that is determined to be necessary at a future pre-deprivation/custody hearing.

4. Respondents are PERMANANTLY ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating his arrest and detention, and a timely hearing. At any such hearing, the Government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have his counsel present.

5. Petitioner's Motion for a Temporary Restraining Order (ECF No. 2) is DENIED as moot.

6. The Clerk of the Court is directed to close this case and enter judgment for Petitioner. This Order resolves all pending motions.

IT IS SO ORDERED.

Dated:   **February 2, 2026**

Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

6